United States District Court
Southern District of Texas
**ENTERED**
September 10, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROOSEVELT L. LINICOMN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-0389 |
| | § | |
| HARRIS COUNTY SHERIFF'S OFFICE, *et al.*, | § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Roosevelt L. Linicomn filed this suit in state court and named eight defendants. After removal to this Court, seven defendants filed motions to dismiss. On May 14, 2024, the Court entered an order granting motions to dismiss filed by the seven defendants who had appeared (Dkt. 74). At the time, the eighth defendant—the Harris County District Attorney's Office—had not appeared in this suit, and Linicomn had not filed proof of proper service in compliance with Federal Rules of Civil Procedure 4 and 5. Because more than 90 days had elapsed since Linicomn filed the action, the Court ordered Linicomn to show cause why his claims against the Harris County District Attorney's Office should not be dismissed under Federal Rule of Civil Procedure 4(m). *See Thrasher v. City of Amarillo*, 709 F.3d 509, 511-12 (5th Cir. 2013).

On June 24, 2024, after Linicomn failed to comply with the order to show cause, the Court entered an order (Dkt. 90) dismissing his claims against the Harris County

District Attorney's Office without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b). On the same day, the Court entered final judgment (Dkt. 91).

Two motions are pending.

**1. Motion to Re-establish or Enforce**

On July 1, 2024, Linicomn filed a motion to re-establish or enforce (Dkt. 94), invoking Federal Rules of Civil Procedure 52(a)(6), 59(c), and 60(b)(6).

Rule 52(a)(6) provides that findings of fact must not be set aside unless clearly erroneous.

A motion to reconsider a judgment may be brought under Rule 59(e)[1] or Rule 60(b). If a motion for reconsideration is filed within 28 days after the entry of the judgment, it is treated as though filed under Rule 59; if it was filed outside of that time, it is analyzed under Rule 60. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). Rule 59(e) serves the narrow purpose of allowing a party to bring manifest errors or newly discovered evidence to the court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012). Rule 60(b) is an uncommon means for relief, and "final judgments should not be lightly reopened." *Lowry Dev., L.L.C. v. Groves & Associates Ins., Inc.*, 690 F.3d 382, 385 (5th Cir. 2012) (cleaned up); *see Dial One of the Mid-S., Inc. v. BellSouth Telecommunications, Inc.*, 401 F.3d 603, 607 (5th Cir. 2005). Relief under Rule 60(b)(6)

---

[1] Linicomn's motion invokes Rule 59(c), which pertains to time to serve affidavits. The Court construes his motion as a request for reconsideration under Rule 59(e).

is permitted "[o]n motion and just terms . . . for . . . any other reason that justifies relief," but is appropriate "only if extraordinary circumstances are present." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 642 (5th Cir. 2005) (cleaned up).

Linicomn's motion presents no basis to set aside any findings in the Court's prior orders as clearly erroneous under Rule 52(a)(6). Regarding a request for reconsideration, his motion does not submit newly discovered evidence, does not demonstrate manifest error, and does not show extraordinary circumstances warranting relief. Therefore, his motion to re-establish or enforce will be denied.

### 2. Motion for Default Judgment

On August 8, 2024, Linicomn filed a motion for default judgment (Dkt. 101) against the United States Attorney's Office and Patrick Ruzzo, his former criminal defense attorney. Neither party was named as a defendant in Linicomn's pleading for this action. *See* Dkt. 1-1; *see also* Dkt. 98 (notice from United States Attorney's Office). Therefore, default judgment under Rule 55 is not warranted.

### 3. Conclusion and Order

For the reasons stated above the Court now **ORDERS** as follows:

1. The plaintiff's motion to re-establish or enforce (Dkt. 94) is **DENIED.**
2. The plaintiff's motion for default judgment (Dkt. 101) is **DENIED**.
3. All other pending motions, if any, are **DENIED as moot**.
4. This civil action is closed and the plaintiff's claims have been dismissed. **Future**

**filings in this closed action may be stricken from the record without further notice**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on ___September 10_____, 2024.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE